418

## CIRCUIT COURT OF NELSON COUNTY

Earnest B. Powell,
t/a Van Riper's
Lake & Campground

v.

First Financial Ins. Co.

Case No. CL95-178

First Financial Ins. Co.

v.

Earnest B. Powell,
t/a Van Riper's
Lake & Campground

Case No. CH96-01

February 29, 1996

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the motion for summary judgment of the plaintiff, the demurrer to the counterclaim in case No. CL95-178, and to set forth generally how this case will proceed from this ruling. The Motion for Judgment in Case No. CL95-178 basically alleges that First Financial Insurance Company (FFIC) failed to provide a defense to Earnest B. Powell in a personal injury action brought by Robert C. Brunel, Jr., in the Circuit Court of the City of Richmond, arising out of an accident occurring at Van Riper's Lake and Campground in Nelson County, Virginia, on July 14, 1991. The allegations of the Motion for Judgment set forth that Robert C. Capshaw, t/a

Van Riper's Music Festival, contracted with Powell to lease the lake and campgrounds for a music festival on July 14, 1991. It is further alleged that, as partial consideration for the lease, Capshaw contracted with FFIC to make Powell an additional insured under liability insurance policy No. 0010G000716. Capshaw was the primary insured under the same policy issued by FFIC.

Brunel apparently attended the music festival on July 14, 1991. In paragraph 5 of the Motion for Judgment, it is alleged that Brunel injured himself "at Van Riper's Lake and Campground" following the festival on July 14, 1991. Although the Motion for Judgment does not specifically set forth this fact, all parties agreed that Brunel injured himself when he dived into the lake from a pier.

Powell alleges that FFIC had a duty to furnish and pay for a defense to the personal injury action in the Circuit Court of the City of Richmond. It should be noted that the jury trial resulted in a defense verdict. Powell alleges that he incurred a total of $230,719.31 in expenses and fees to defend the lawsuit in the City of Richmond.

In its grounds of defense to the Motion for Judgment, FFIC alleges that Capshaw contracted with Powell to lease only the campground area of the Van Riper's Lake and denies that the lake was included in the area that was leased. FFIC further alleges that the liability policy which it issued only covered matters arising in the actual area leased, which it alleges does not include the lake. It is further alleged in the grounds of defense that both Powell and Capshaw testified under oath in the case of *Brunel v. Powell et al.* in the Circuit Court of the City of Richmond that Capshaw did not lease the lake or its surrounding area. FFIC also sets forth as an affirmative defense that Capshaw and/or Powell misrepresented the area of Van Riper's Lake and Campground which Capshaw leased from Powell in order to induce FFIC to insure a greater portion of the lake and campground than was actually leased for the music festival. Moreover, it is alleged as an affirmative defense that the policy was executed and issued by FFIC as a result of a mutual mistake, and that FFIC, Capshaw, or Powell did not intend to insure any other portion of the lake and campground other than the actual campground area that was leased by Capshaw from Powell for the music festival on July 14, 1991. Due to this alleged mistake of fact, FFIC requests that the policy be reformed to recite the proper facts and effect the proper coverage.

In the case of *First Financial Ins. Co. v. Earnest B. Powell et al.*, Chancery No. 96-01, FFIC files a Motion for Declaratory Judgment which essentially asks the Court to declare that the leased premises for the music festival, and thereby the area insured by the liability policy, did not include the

lake and its surrounding area; or in the alternative, that the insurance policy be reformed to correct the mutual mistake in the insurance policy.

Policy No. 0010G000716, issued by FFIC, does make Earnest Powell an additional insured. Under the endorsement making Powell an additional insured, it sets forth as the "designation of premises (part leased to named insurer)", "Van Riper's Lake, Nelson County, Va." The endorsement that makes Earnest Powell an additional insured provides as follows:

> It is agreed that the "person insured" provision is amended to included as an insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance, or use of that part of the premises designated below leased to the named insured, and subject to the following additional exclusions: This insurance does not apply: (1) to any occurrence that takes place after the named insured ceases to be attended on the premises; and (2) to structural alterations, new construction, demolition operations performed by or on behalf of the person or organization designated below.

Powell has filed a motion for summary judgment in CL95-178. In his motion for summary judgment he maintains that because the liability policy issued by FFIC states that Powell is an additional insured and that the insured premises is Van Riper's Lake, FFIC should have provided, and paid for, a defense to Powell. FFIC argues, on the other hand, that the Court should first proceed to hear the reformation of contract issue before it can rule on summary judgment or proceed to the case on the merits. The Supreme Court of Virginia has held that a court may reform a contract that does not express the intent of the parties under certain circumstances where the instrument does not reflect the true intent of the parties. *Gibbs v. Price*, 207 Va. 448, 449-450, 150 S.E.2d 551 (1966). The Supreme Court of Virginia has further held that the equitable remedy of reformation is permissible in two instances. First, where the mistake is mutual; and second, where there is mistake on the part of only one party, that is the mistake is unilateral, but it is accompanied by misrepresentation and fraud perpetuated by the other. *Ward v. Ward*, 239 Va. 1, 5, 387 S.E.2d 460 (1990).

In the instant case, FFIC has alleged as an affirmative defense to the Motion for Judgment both that there was a mutual mistake and that there was a mistake accompanied by misrepresentation.

In *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 183, 320 S.E.2d 339 (1984), it was held that where a party has pleaded either mutual mistake

or unilateral mistake induced by fraud, the party making such pleading is "entitled to a day in court and the opportunity to carry his burden."

The Supreme Court of Virginia has held in three cases that the court may reform an insurance contract where there has been either a mutual mistake or a unilateral mistake accompanied by fraud, misrepresentation, or other equitable conduct. *Bankers Ins. Co. v. Henderson*, 196 Va. 195, 203, 83 S.E.2d 424 (1954); *State Farm Mutual Ins. Co. v. Miller*, 194 Va. 589, 594, 74 S.E.2d 145 (1953); and *Dickenson Bank v. Royal Exchange*, 157 Va. 94, 111, 160 S.E. 13 (1931).

In accordance with the above decisions of the Supreme Court of Virginia, it appears that the Court must first consider the issue of whether the liability policy issued by FFIC should be reformed. Accordingly, this Court will defer ruling on the motion for summary judgment until the reformation issue is resolved.

The issue of reformation has been raised by an affirmative defense in the law action. Reformation, of course, is an equity issue. However, as indicated by a decision of the Supreme Court of Virginia, the Court may entertain the reformation issue as an equity matter if it is raised as an affirmative defense in a law action. *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 184, 320 S.E.2d 339 (1984). Accordingly, it is held that the Court will first decide whether or not the insurance contract should be reformed. This will be an issue tried before the Court without a jury. Depending on the ruling issued in that case, the Court will rule on the other remaining issues. Likewise, the motion for declaratory judgment will be held in abeyance until the conclusion of the reformation of contract issue. In accordance with *Shevel*, law action CL95-178 is transferred to the equity side of the Court.